IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BEN CAPP, JR, as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, <br>   1776 Eye Street, NW, Fifth Floor <br>   Washington, DC  20006 <br>   (202) 783-3788, <br><br>          Plaintiffs, <br><br>          v. <br><br> FARMER MASONRY, INC. <br>   490 9th Street <br>   Marion, IA 52302 <br><br> and <br><br> DWAYNE FARMER, INDIVIDUALLY, <br>   490 9th Street <br>   Marion, IA 52302, <br><br>          Defendants. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendants, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1.   This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust

Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1). Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.   The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.   Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.   Defendant, Farmer Masonry, Inc. ("Farmer Masonry"), is, and at all times hereinafter mentioned was, a business maintaining offices in Iowa and conducting business in Iowa.

5. Defendant, Farmer Masonry, has employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions ("Union").

6. According to the Secretary of State's records, Defendant, Farmer Masonry, Inc., is "inactive" for failing to maintain a registered agent. Accordingly, Farmer Masonry has failed to satisfy the requisites for a registered corporation in the state of Iowa.

7. Defendant, Dwayne Farmer, individually, upon information and belief, is, and at all times hereinafter mentioned was, an officer and director of Farmer Masonry.

8. Due to the failure of the corporate officers and director to comply with the requisites for a corporation in Iowa, Dwayne Farmer is personally liable for the debts of Farmer Masonry.

## Violation Charged

9. Defendant, Farmer Masonry, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

10. By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Farmer Masonry, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b) or Section 4205 of ERISA, 29 U.S.C. § 1385, notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $136,100 and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

11. Pursuant to the notice sent by the IPF, Defendant, Farmer Masonry, was obligated to submit $2,065.89 on or before January 16, 2006. Thereafter, Defendant,

Farmer Masonry, was obligated to submit $2,065.89 per month for 79 additional months and a final payment of $1,728.49.

12. By letters dated January 18, 2006 and March 24, 2006, attached hereto as Exhibits B and C, the IPF repeated its demand for Farmer Masonry's compliance with the payment schedule as required by 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

13. Despite due demand, Defendant, Farmer Masonry, has not paid its Withdrawal Liability as required. To date, Defendant, Farmer Masonry, has failed to submit a single payment for Withdrawal Liability to the IPF.

14. Defendant Farmer Masonry's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

15. Because Defendant, Farmer Masonry, has failed to maintain the corporate form, Plaintiffs are suing Defendant Dwayne Farmer, individually, for the Withdrawal Liability owed by Defendant, Farmer Masonry.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. For the Withdrawal Liability owed by Defendant, Farmer Masonry, in the amount of $136,100, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2. For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

DSMDB.2062081.1

4

3.  For liquidated damages assessed on the Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.  The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

5.  Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: April 26, 2006

By: /s/ Ira R. Mitzner
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC  20037-1526
(202) 785-9700
(202) 828-2234

Attorneys for Plaintiffs