**EXHIBIT C**

Case 1:06-cv-00766-JDB    Document 1-4    Filed 04/26/2006    Page 1 of 3

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2234*
*E-Mail Address: MitznerI@dsmo.com*

March 24 2006

**By Certified Mail**

Farmer Masonry, Inc.
P.O. Box 216
Marion, IA 52302

Re:   Withdrawal Liability Default and Waiver of Right to Arbitrate

Dear Sirs:

I am writing regarding the employer withdrawal liability ("EWL") the Bricklayers and Trowel Trades International Pension Fund ("IPF") has assessed against Farmer Masonry, Inc. ("Farmer"). This letter serves to notify you that Farmer has both forfeited its right to arbitrate any disputes regarding this EWL and defaulted on payment of its EWL.

On November 17, 2005, David F. Stupar, Executive Director of the IPF, sent Farmer a demand for EWL, along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by your company. The EWL indicated that Farmer owed EWL of $136,100, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Farmer is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Farmer is required to pay the IPF $2,065.89 for 80 months plus a final payment of $1,728.49.

Pursuant to the MPPAA and the Withdrawal Liability Procedures, Farmer had 90 days from November 17, 2005—or until February 15, 2006—to request review of the IPF's EWL calculations. As of the date of this letter, Farmer has not requested such a review. Because a timely request for review is a prerequisite for initiating arbitration of the EWL amounts owed, Farmer has waived its right to arbitration. This means that any defenses to the EWL assessment that Farmer could have raised in arbitration can no longer be asserted before any court and that, pursuant to 29 U.S.C. § 1401 (b)(1), the amounts demanded by the IPF are due and owing.

The November 17, 2005 demand letter instructed Farmer that its first interim EWL payment was required to be made within 60 days of November 17, 2005, or by January 16, 2006. No such payment was received by January 16, 2006. In fact, as of the date of this letter, Farmer has still not made any payments. Consequently, my office sent a letter on January 18, 2006 notifying you that Farmer had 60 days from that date, or until March 20, 2006, to cure its failure to make interim payments required pursuant

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

DSMDB.2062265.1



Farmer Masonry, Inc.
March 24, 2006
Page 2

to the payment schedule set forth in the IPF's November 17, 2005 demand letter. This January 18, 2006 letter also informed Farmer that if it failed to make such payments within 60 days of January 18, 2006, Farmer would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF would be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the Withdrawal Liability Procedures. Because 60 days has elapsed since my office sent this default notification letter, and Farmer has yet to make a scheduled payment, the IPF is now entitled to payment of the total outstanding EWL and all related damages.

Despite this entitlement, the Fund will not seek immediate payment of the total outstanding EWL amount and related damages if Farmer begins making interim payments in accordance with the payment schedule set forth in the November 17, 2005 letter. Please let me know if Farmer will begin making such interim payments. If the IPF does not receive the first payment by April 3, 2006, the IPF will pursue any and all legal remedies available to it, including entry of a judgment for the total outstanding EWL, without further notice.

If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc: David F. Stupar, Executive Director, IPF
Michael Murphy, Director of Revenue Accounting, IPF
Craig Weir, Editor, IPF