IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT )
EUGENE GEORGE, PAUL SONGER, CHARLES )
VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, )
MICHAEL SCHMERBECK, VINCENT DELAZZERO, )
and BEN CAPP, JR, as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )
)
      Plaintiffs, )
)
v. ) Case No. 06CV-0766.
) Judge: John D. Bates
FARMER MASONRY, INC. )
  490 9th Street )
  Marion, IA 52302 )
)
and )
)
DWAYNE FARMER, INDIVIDUALLY, )
  490 9th Street )
  Marion, IA 52302, )
)
      Defendants. )
)

## MOTION FOR ENTRY OF DEFAULT JUDGMENT
## AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF

Plaintiffs, by their attorneys, and in accordance with Federal Rule of Civil Procedure 55(b)(2), move this Court to enter a default judgment in favor of the Plaintiffs and against Defendants in the amount of $168,485.85 on the ground that default has been entered against Defendants for failure to answer the Complaint. This motion is supported by the Declarations of David F. Stupar, attached hereto as Exhibit A and Ira Mitzner, attached hereto as Exhibit B. The certificate of the Clerk of this Court declaring

Defendants in default is attached hereto as Exhibit C. A copy of the Complaint filed by Plaintiffs is attached hereto as Exhibit D.

## FACTS

Plaintiffs, John Flynn, *et al.*, filed the complaint in this case on April 26, 2006. Defendants were served with the Summonses and Complaint on May 9, 2006 and have failed to file an Answer to the Complaint. On June 5, 2006, the Clerk of this Court declared Farmer Masonry, Inc., and Dwayne Farmer, Individually, to be in default.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Clerk shall enter the party's default and "the party entitled to a judgment by default shall apply to the court therefore." Defendants have failed to answer the Complaint, default has been entered by the Clerk, and Plaintiffs are entitled to judgment. Accordingly, Plaintiffs' motion for a default judgment should be granted. *See, e.g., Trustees of the Local 306, United Ass'n. Health & Welfare Fund v. Am. Testing & Inspection, Inc.*, No-88-2274-OG, 1988 WL 134942, *1 (D. D.C. Nov. 30, 1988) (entering default judgment where "defendant has failed to respond at any step of these proceedings or otherwise enter an appearance"); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990) (affirming entry of default judgment as "[n]either the text of the Federal Rules, nor judicial interpretation placed in the rules by the Federal Courts contemplate that a party may totally ignore pleadings and notices it receives").

## CONCLUSION

For the foregoing reasons, a default judgment should be entered in favor of Plaintiffs and against Defendants in the amount of $168,485.85.

Date: June 30, 2006

Respectfully submitted,

By _____
Ira R. Mitzner, (DC Bar No. 184564)
Johnisha Matthews, (DC Bar No. 492478)
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700

Counsel for Plaintiffs