# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT )
EUGENE GEORGE, PAUL SONGER, CHARLES )
VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, )
MICHAEL SCHMERBECK, VINCENT DELAZZERO, )
and BEN CAPP, JR, as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL )
PENSION FUND, )
  1776 Eye Street, NW, Fifth Floor )
  Washington, DC 20006 )
  (202) 783-3788, )

        Plaintiffs,

       v.

FARMER MASONRY, INC.
  490 9th Street
  Marion, IA 52302

and

DWAYNE FARMER, INDIVIDUALLY,
  490 9th Street
  Marion, IA 52302,

        Defendants.

CASE NUMBER  1:06CV00766

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employmer

DATE STAMP: 04/26/2006

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendants, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1.    This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust

Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1). Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.  The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

**Parties**

3.  Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.  Defendant, Farmer Masonry, Inc. ("Farmer Masonry"), is, and at all times hereinafter mentioned was, a business maintaining offices in Iowa and conducting business in Iowa.

5.  Defendant, Farmer Masonry, has employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions ("Union").

6.  According to the Secretary of State's records, Defendant, Farmer Masonry, Inc., is "inactive" for failing to maintain a registered agent. Accordingly, Farmer Masonry has failed to satisfy the requisites for a registered corporation in the state of Iowa.

7.  Defendant, Dwayne Farmer, individually, upon information and belief, is, and at all times hereinafter mentioned was, an officer and director of Farmer Masonry.

8.  Due to the failure of the corporate officers and director to comply with the requisites for a corporation in Iowa, Dwayne Farmer is personally liable for the debts of Farmer Masonry.

## Violation Charged

9.  Defendant, Farmer Masonry, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

10. By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Farmer Masonry, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b) or Section 4205 of ERISA, 29 U.S.C. § 1385, notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $136,100 and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

11. Pursuant to the notice sent by the IPF, Defendant, Farmer Masonry, was obligated to submit $2,065.89 on or before January 16, 2006. Thereafter, Defendant,

DSMDB.2062081.1

Farmer Masonry, was obligated to submit $2,065.89 per month for 79 additional months and a final payment of $1,728.49.

12. By letters dated January 18, 2006 and March 24, 2006, attached hereto as Exhibits B and C, the IPF repeated its demand for Farmer Masonry's compliance with the payment schedule as required by 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

13. Despite due demand, Defendant, Farmer Masonry, has not paid its Withdrawal Liability as required. To date, Defendant, Farmer Masonry, has failed to submit a single payment for Withdrawal Liability to the IPF.

14. Defendant Farmer Masonry's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

15. Because Defendant, Farmer Masonry, has failed to maintain the corporate form, Plaintiffs are suing Defendant Dwayne Farmer, individually, for the Withdrawal Liability owed by Defendant, Farmer Masonry.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. For the Withdrawal Liability owed by Defendant, Farmer Masonry, in the amount of $136,100, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2. For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

DSMDB.2062081.1

4

3.  For liquidated damages assessed on the Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.  The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

5.  Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: April 26, 2006

By: *[signature]*
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700
(202) 828-2234

Attorneys for Plaintiffs

EXHIBIT A

Case 1:06-cv-00766-JDB    Document 5-5    Filed 06/30/2006    Page 7 of 16

1920270.01

Case 1:06-cv-00766-JDB   Document 5-5   Filed 06/30/2006   Page 8 of 16



# Bricklayers & Trowel Trades International Pension Fund

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax: (202)/347-7339
http://www.ipfihf.org

Via Certified Mail
November 17, 2005

Farmer Masonry
PO Box 216
Marion, IA 52302

Dear Sirs:

The Bricklayers & Trowel Trades International Pension Fund ("IPF") has determined that Farmer Masonry has ceased to have an obligation to contribute to the IPF and the firm has continued to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributors were previously required. In accordance with the provisions of the Multiemployer Pension Plan Agreements Act of 1980 ("MPPAA"), we have calculated your Employer Withdrawal Liability ("EWL") to be $136,100. The basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a monthly payment schedule for satisfaction of this EWL. Pursuant to this schedule, you are required to pay the IPF $2,065.89 for 80 months and a final payment of $1,728.49. This payment schedule reflects an amortization of the total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter. Thereafter, payment must be made no later that the 15th day of the month following the month payment is due (the "Due Date"). If payment is not received by January 16, 2006, you will be subject to interest, liquidated damages, costs and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please contact the Fund office in writing.

Sincerely,

David F. Stupar
Executive Director

cc: Ira R. Mitzner Fund Counsel
BAC Local 3 IA

enclosures

EXHIBIT B

1920270.01

# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2234
E-Mail Address: MitznerI@dsmo.com

January 18, 2006

**By Certified Mail**

Farmer Masonry
P.O. Box 216
Marion, IA 52302

Re:   Withdrawal Liability Default Notification

Dear Sirs:

On November 17, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Farmer Masonry, Inc. ("Farmer Masonry") a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by this company. The EWL demand indicated that Farmer Masonry owed EWL in the amount of $136,100, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Farmer Masonry is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Farmer Masonry is required to pay the IPF $2,065.89 for 80 months plus a final payment of $1,728.49.

In addition, the November 17, 2005 demand letter instructed Farmer Masonry that its first interim EWL payment was required to be made within 60 days of November 17, 2005, or by January 16, 2006. As of the date of this letter, Farmer Masonry has failed to make its initial payment in a timely fashion. Accordingly, Farmer Masonry is hereby notified that it has 60 days from the date of this letter to cure this failure and make the interim payments required pursuant to the payment schedule set forth in the IPF's November 17, 2005 demand. If Farmer Masonry does not make such payments within 60 days, it will be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF will be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the IPF procedures.

DSMDB.2031634.1

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com



Farmer Masonry
January 18, 2006
Page 2

If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc: David F. Stupar, Executive Director, IPF
Michael Murphy, Director of Revenue Accounting, IPF
Craig Weir, Editor, IPF

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _[signature]_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery   1-25-06 |
| 1. Article Addressed to:<br><br>Farmer Masonry<br>P.O. Box 216<br>Marion, IA  52302 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
|  | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0005 1245 8666 |
| PS Form 3811, August 2001   Domestic Return Receipt | 102595-01-M-2509 |

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 0860 0005 1245 8666

| | | |
|---|---|---|
| Postage | $ $0.39 | |
| Certified Fee | $2.40 | Postmark Here  01/19/2006 |
| Return Receipt Fee (Endorsement Required) | $1.85 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $4.64 | |

Sent To: Farmer Masonry
Street, Apt. No.; or PO Box No.: P.O. Box 216
City, State, ZIP+4: Marion, IA  52302

PS Form 3800, April 2002        See Reverse for Instructions

EXHIBIT C

1920270.01

<div align="center">

D I C K S T E I N  S H A P I R O  M O R I N  & O S H I N S K Y  L L P

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2234
E-Mail Address: MitznerI@dsmo.com

</div>

<div align="center">March 24 2006</div>

**By Certified Mail**

Farmer Masonry, Inc.
P.O. Box 216
Marion, IA 52302

Re:      <u>Withdrawal Liability Default and Waiver of Right to Arbitrate</u>

Dear Sirs:

  I am writing regarding the employer withdrawal liability ("EWL") the Bricklayers and Trowel Trades International Pension Fund ("IPF") has assessed against Farmer Masonry, Inc. ("Farmer"). This letter serves to notify you that Farmer has both forfeited its right to arbitrate any disputes regarding this EWL and defaulted on payment of its EWL.

  On November 17, 2005, David F. Stupar, Executive Director of the IPF, sent Farmer a demand for EWL, along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by your company. The EWL indicated that Farmer owed EWL of $136,100, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Farmer is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Farmer is required to pay the IPF $2,065.89 for 80 months plus a final payment of $1,728.49.

  Pursuant to the MPPAA and the Withdrawal Liability Procedures, Farmer had 90 days from November 17, 2005—or until February 15, 2006—to request review of the IPF's EWL calculations. As of the date of this letter, Farmer has not requested such a review. Because a timely request for review is a prerequisite for initiating arbitration of the EWL amounts owed, Farmer has waived its right to arbitration. This means that any defenses to the EWL assessment that Farmer could have raised in arbitration can no longer be asserted before any court and that, pursuant to 29 U.S.C. § 1401 (b)(1), the amounts demanded by the IPF are due and owing.

  The November 17, 2005 demand letter instructed Farmer that its first interim EWL payment was required to be made within 60 days of November 17, 2005, or by January 16, 2006. No such payment was received by January 16, 2006. In fact, as of the date of this letter, Farmer has still not made any payments. Consequently, my office sent a letter on January 18, 2006 notifying you that Farmer had 60 days from that date, or until March 20, 2006, to cure its failure to make interim payments required pursuant

<div align="center">

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

</div>

DSMDB.2062265.1 

Farmer Masonry, Inc.
March 24, 2006
Page 2

to the payment schedule set forth in the IPF's November 17, 2005 demand letter. This January 18, 2006 letter also informed Farmer that if it failed to make such payments within 60 days of January 18, 2006, Farmer would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF would be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the Withdrawal Liability Procedures. Because 60 days has elapsed since my office sent this default notification letter, and Farmer has yet to make a scheduled payment, the IPF is now entitled to payment of the total outstanding EWL and all related damages.

Despite this entitlement, the Fund will not seek immediate payment of the total outstanding EWL amount and related damages if Farmer begins making interim payments in accordance with the payment schedule set forth in the November 17, 2005 letter. Please let me know if Farmer will begin making such interim payments. If the IPF does not receive the first payment by April 3, 2006, the IPF will pursue any and all legal remedies available to it, including entry of a judgment for the total outstanding EWL, without further notice.

If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc:   David F. Stupar, Executive Director, IPF
      Michael Murphy, Director of Revenue Accounting, IPF
      Craig Weir, Editor, IPF